**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEVRIM YAGIZER,<br>Petitioner,<br>v.<br>CHRISTOPHER J. LAROSE, Senior Warden, Otay Mesa Detention Center,<br>Respondent. | Case No.: 26cv4164 DMS (DDL)<br><br>**ORDER GRANTING PETITION** |

This case comes before the Court on the Petition for Writ of Habeas Corpus. Respondent filed a Return to the Petition. Petitioner did not file a Traverse. For the following reasons, the Petition is granted.

Petitioner is a native and citizen of Turkey. (First Decl. of Devrim Yagizer ¶ 1, ECF No. 9 at 18.) On December 29, 2025, he was apprehended by border patrol agents after crossing into the United States from Mexico. (Return, Ex. 1.) After being placed in expedited removal proceedings, an asylum officer found Petitioner had a credible fear of returning to his home country and placed him in regular removal proceedings. Within those proceedings Petitioner filed an application for asylum, which remains pending. According to the website for the Executive Office for Immigration Review, Petitioner's merits hearing is currently scheduled for October 13, 2026.

On July 20, 2026, Petitioner, proceeding pro se, filed the present case. In the Petition, Petitioner requested appointment of counsel, which the Court granted. Appointed counsel then filed an Amended Petition alleging Petitioner's prolonged detention without a bond hearing is a violation of Petitioner's due process rights. In the Return, Respondents argue the Court lacks jurisdiction to consider Petitioner's claim, Petitioner is properly detained under 8 U.S.C. § 1225(b), and Petitioner's detention has not been unconstitutionally prolonged.

In *Banda v. McAleenan*, 385 F.Supp.3d 1099, 1106 (W.D. Wash. 2019), the court set out

> a framework for analyzing a due process challenge to prolonged detention, a six factor balancing test used by some district courts, that considers: (1) the total length of detention to date; (2) the likely duration of future detention; (3) conditions of detention; (4) delays in the removal proceedings caused by the detainee; (5) delays in the removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal.

*Sadeqi v. LaRose*, 809 F.Supp.3d 1090, 1093-94 (S.D. Cal. 2025). This Court has applied those factors to similar claims, *see*, *e.g.*, *De la Torre Duran v. Doe*, Case No. 25cv3230 DMS (DDL); *Ogandzhanian v. Warden of Otay Mesa Detention Center*, Case No. 26cv0093 DMS MSB, ECF No. 6, and does so again here.

Starting with the first factor, Petitioner has been detained since December 29, 2025, or for over nine months. The likely duration of Petitioner's future detention is uncertain as his case is currently set for merits hearing on October 13, 2026, and the outcome of that hearing is unknown. On the third factor, courts in this District and elsewhere have found the conditions of confinement at Otay Mesa Detention Center, where Petitioner is currently housed, "are not dissimilar to criminal confinement[.]" *Gao v. LaRose*, 805 F.Supp.3d 1106, 1111 (S.D. Cal. 2025). *See also Zhakuov v. Noem*, No. 3:26-cv-00288-RBM-DDL, 2026 WL 517981, at *3 (S.D. Cal. Feb. 25, 2026) (quoting *Kydyrali v. Wolf*, 499 F.Supp.3d 768, 773 (S.D. Cal. 2020)) (stating multiple courts have found detention at Otay Mesa "'is indistinguishable from penal confinement'"). On the delay factor, it appears both parties

have delayed the progress of Petitioner's merits hearing, with two delays being attributed to Respondents and six delays being attributed to Petitioner. (Return, Ex. 5.) This factor, therefore, slightly favors Respondents. On the sixth and final factor, the parties agree it is neutral as it is unclear what the outcome of Petitioner's immigration proceedings will be.

Because the balance of factors weigh in favor of Petitioner, the Court finds Petitioner's detention has become unconstitutionally prolonged and therefore violates due process. Accordingly, Respondents are directed to arrange an individualized bond hearing for Petitioner before an immigration judge within fourteen (14) days of this Order unless Petitioner requests a continuance. At that bond hearing, the Government shall have the burden of proving by clear and convincing evidence that Petitioner poses a danger to the community or a risk of flight if released on bond. The parties shall file a Joint Status Report within twenty-one (21) days of this Order's entry confirming Petitioner received a bond hearing and setting out the results thereof. The Clerk of Court shall enter judgment accordingly and close this case.

**IT IS SO ORDERED**.

Dated: October 7, 2026

Hon. Dana M. Sabraw
United States District Judge